DAVID ADLER ET AL. v. EDWARD A. FOSTER ET AL.

*Discharge of debtor.*

Where ·a creditor of the firm of F & S had, after its dissolution, refused to accept the paper of S and discharge F, his receiving and retaining what purported to be the paper of the late firm of F & S, without knowing that it was signed by S alone in the firm name without authority, is not such an acceptance and discharge, when he had not accepted any paper as payment, nor unduly delayed enforcing his claim.

Error to Mason. Submitted June 7. Decided June 18.

ASSUMPSIT on the common counts by David Adler, Henry M. Mendel and Isaac Adler against Edward A. Foster and Oliver O. Stanchfield. The court below found that in September and October, 1876, Foster & Stanchfield of Ludington had bought of Adler, Mendel & Co. of Milwaukee four bills of goods amounting to $1361.75; that Nov. 16, 1876, the firm of Foster & Stanchfield dissolved by consent, Stanchfield continuing the business and assuming the debts of the firm; that on February 15, 1877, Stanchfield executed his notes for the amount of the bills and sent them to plaintiffs, who did not accept them, but returned them at once, saying that they would take the notes of Foster & Stanchfield or would release Foster on payment by him of half the debt in cash. Stanchfield then executed two notes for the amount in the name of Foster & Stanchfield, but without Foster's knowledge, and sent them to plaintiffs,

who held them, although there was no agreement that they should be accepted or considered as payment of the account. One of the notes was paid at maturity. The day before the other fell due Stanchfield gave two drafts on a firm in Chicago. One payable at sight was accepted and paid on presentation; the other, payable in 30 days, went to protest. Plaintiffs did not agree to receive these drafts as payment, and refused to give up the note but did agree to hold the note and the draft as collateral until its maturity, and endorse the amount when paid, on the note. Before the draft matured Stanchfield made a general assignment. Plaintiffs sued Foster and Stanchfield on the original indebtedness and on the note. The court found that their acts after being notified of the dissolution of the firm of Foster & Stanchfield released Foster, and gave judgment for defendants. Plaintiffs bring error.

*Wing & McMahon* for plaintiffs in error. A retiring partner is not discharged from liability to creditors who have taken notes from the other partner supposing them to be the notes of the firm, *Lesley v. Johnson*, 41 Barb., 359.

*White & Haight* for defendants in error, as to whether the retiring partner was discharged by the extension of time given on notes that purported to have been signed by the firm, cited *Phoenix Ins. Co. v. Allen*, 11 Mich., 509; *Pomeroy v. Tanner*, 70 N. Y., 547.

MARSTON, J. The conclusion of law and the judgment rendered in this case, upon the facts found, were erroneous. Plaintiffs in error expressly refused to accept the paper of Stanchfield and discharge Foster. Their receiving afterwards and retaining what purported to be the paper of the late firm of Foster & Stanchfield, without knowledge that it was signed by Stanchfield in the late firm name without authority, cannot be considered as an acceptance thereof by them and as a discharge of Fos-

ter. They at no time accepted any paper as a payment· or satisfaction of the original indebtedness, and there was no such delay on their part in the enforcement of their claim as would bring this case within the ruling in *Smith v. Shelden,* 35 Mich., 42.

The judgment must be reversed and a judgment rendered in this court for the sum of $353.76, with costs of both courts.

The other Justices concurred.