### No. 13,076.

### SEFTON v. HARGETT ET AL.

PRINCIPAL AND SURETY.—*Suretyship, How Fixed and Determined.—Knowledge of Principal.*—The relation of suretyship is fixed by the arrangement and equities between the debtors; it depends upon the relations existing between them, and is determined by inquiring who received the consideration of the contract, or who, according to the arrangements actually made and existing among themselves, ought to pay the debt. The relation may be changed between the debtors without the knowledge of the creditor if he is not thereby injured.

SAME.—*Statute Construed.—Set-Off.—Pleading.—Parties.*—Under the provision of section 349, R. S. 1881, which allows a debt due the principal defendant from the plaintiff to be pleaded as a set-off against a note sued on, the "principal defendant" means the person who, according to the relations existing between the makers of the note at the time of the commencement of the suit, sustains the character of principal debtor, or the one then primarily liable for the debt.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing, Jr.*, for appellant.

*J. S. Scobey,* for appellees.

Sefton *v.* Hargett *et al.*

MITCHELL, C. J.—Action by Isaac Sefton, assignee of a promissory note, dated August 20th, 1884, calling for $125, payable to Robert J. Tate, due twelve months from date, executed by James R. Hargett, as principal, and by Lewis C. Hargett and James W. Anderson as sureties.

Anderson presented in a separate answer and by way of set-off substantially the following facts, viz. : That the note in suit was given in consideration of the price of a horse sold by Tate to James R. Hargett, upon which note the defendants Anderson and Lewis C. Hargett became bound as sureties for James R. Hargett. Afterwards Anderson purchased the horse from James R. Hargett, and as a consideration agreed to assume and pay the note to Tate, thereby becoming primarily liable for the payment of the debt. It is averred that Anderson had become surety for Tate to one Hendricks on a note upon which, owing to the default of Tate, he, Anderson, had been compelled to pay $167.53 on the 6th day of June, 1885, which sum remained due and owing to him from Tate, who, it is alleged, is notoriously insolvent.

It is further alleged in the answer that Tate owned the note in suit at the time Anderson paid the debt for which he was bound as Tate's surety, and that he had no notice of the assignment of the note in suit until long after he paid Tate's debt. Prayer that the defendant Anderson be permitted to set off the $167.53 paid by him for Tate against the amount due on the note.

Upon demurrer to the answer the court was of opinion that it presented a proper claim for a set-off. The only question involved in this appeal relates to the propriety of this ruling.

It is a well established general rule, both at law and in equity, that only mutual demands, existing in the same right, are proper matters of set-off. The application of this rule prohibits the allowance as a set-off of an individual debt due one of several defendants who are jointly liable to the plain-

tiff, either on behalf of all the defendants or of the one to whom the debt is due. *Rush* v. *Thompson,* 112 Ind. 158.

Exceptions to this general rule are made : (1) Whenever it becomes necessary to do complete equity, or to prevent irremediable injustice, as in cases of insolvency, or of joint credit given on account of an individual indebtedness; or where the joint debt is a mere security for the separate debt of the principal; or (2) when the action is upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein. *Carter* v. *Compton,* 79 Ind. 37 ; *Wulschner* v. *Sells,* 87 Ind. 71 ; *Cosgrove* v. *Cosby,* 86 Ind. 511 ; *Keightly* v. *Walls,* 27 Ind. 384 ; *Brewer* v. *Norcross,* 17 N. J. Eq. 219 ; *Lindsay* v. *Jackson,* 2 Paige, 581 ; *Reno* v. *Robertson,* 41 Ind. 567 ; *Hannon* v. *Hilliard,* 83 Ind. 362 ; *Lynn* v. *Crim,* 96 Ind. 89 ; *Gregory* v. *Gregory,* 89 Ind. 345 ; *Harris* v. *Rivers,* 53 Ind. 216 ; *Dodge* v. *Dunham,* 41 Ind. 186.

In cases falling within either of the classes above mentioned, the set-off will be allowed, without regard to the mutuality of the debts, in order to prevent injustice, and in compliance with section 349, R. S. 1881.

While conceding that section 349 creates an exception, so as to allow a debt due the principal defendant from the plaintiff, or from the original payee, or from any former holder of the note, if held before notice of the assignment, to be pleaded as a set-off against the note sued on, the appellant, nevertheless, contends that the principal defendant, in whose favor a set-off is available under section 349, is only one who occupies that relation as between himself and the plaintiff, or according to the contract as originally made. It is said that the makers of a note can not, by a secret arrangement between themselves, change their relations to the debt, so as to make one who was originally a surety the principal debtor, without the payee's consent. If this is so, of course the ruling below was wrong. Why should it be so ?

We know of no precedent which we are willing to follow as authority, nor of any satisfactory reason for so holding.

The provision of the statute above referred to is, that any claim upon contract in favor of the principal defendant against the plaintiff, or any former holder of the note, may be pleaded as a set-off. *Hoffman* v. *Zollinger*, 39 Ind. 461.

The principal defendant must be construed to mean the person who, according to the relations actually existing between the makers of the note, at the time of the commencement of the suit, sustains the character of principal debtor, or the one then primarily liable for the debt, and in respect of whom the other defendants might, in a proper proceeding, be declared sureties. Suretyship is a fact collateral to the contract, and is ordinarily no part of the contract itself. It is immaterial in what form the relation of principal and surety is established, or whether the creditor was or was not contracted with in that relation. The relation is fixed by the arrangement and equities between the debtors, and may or may not be known to the creditor. *Porter* v. *Waltz*, 108 Ind. 40; *Carpenter* v. *King*, 9 Met. 511.

It depends upon the relations existing between the makers of the note, and is determined by inquiring who received the consideration of the contract, or who, according to the arrangements actually made and existing among themselves, ought to pay the debt.

Whenever two or more persons are jointly liable to a creditor, upon the same obligation, or for the same debt, and, as between themselves, the debt for which they are thus liable is the debt of one of them, that one is the principal, and the others may be said to be his sureties. *Smith* v. *Shelden*, 35 Mich. 42. Thus the purchaser of real estate, who assumes the payment of encumbrances on the land, thereby becomes, as to those previously liable, the principal debtor, without regard to the original relations of the parties, or whether the creditor consented thereto or not. *Birke* v. *Abbott*, 103 Ind.

1; *Kelso* v. *Fleming*, 104 Ind. 180. So, a member of a firm who purchases the partnership property, and assumes the payment of the firm debts, becomes, as to the retiring members, the principal, and the latter become sureties. *Warren* v. *Farmer*, 100 Ind. 593; *Bays* v. *Conner*, 105 Ind. 415. In such a case, if the creditor has knowledge of the facts, and extends the time of payment, without the consent of those who occupy the relation of sureties, the latter will be discharged. *Colgrove* v. *Tallman*, 67 N. Y. 95; *Smith* v. *Shelden, supra;* Brandt Suretyship and Guar., section 23.

Whenever it becomes a question as to whether the payee or holder of a note has, by the extension of time or other contract or dealing with one of several joint makers, released one who claims to occupy the relation of surety, then it is necessary to show that the creditor had notice of the relations of the makers between themselves. *Davenport* v. *King*, 63 Ind. 64; *Post* v. *Losey*, 111 Ind. 74, and cases cited.

The right of the principal defendant to plead a set-off, under the statute, is not dependent upon the creditor's knowledge of the relations subsisting between the makers of the note. As a matter of course, the makers of a note can not change their relations to each other or to the contract in any way so as to injure the payee, without his consent, but it is not legally an injury that a set-off of an honest debt, which might be collected from the latter by an independent action, should be allowed.

If the real debtor had in fact paid the debt before notice of the assignment of the note, there is no reason why he should not be allowed a set-off, which is both equitable and within the terms of the statute, whether the creditor knew of the actual relation of the makers or not. It would fritter away the provisions of a statute which is of an eminently equitable character, if a set-off were allowed only in cases where the creditor knew who occupied the relation of principal debtor. The same defence or set-off is available

against the present holder of the note as would have been against his assignor. Sections 5503 and 276, R. S. 1881.

It follows that there was no error in the ruling of the circuit court.

The judgment is affirmed, with costs.

Filed Feb. 14, 1888; petition overruled March 3, 1888.