Filed Oct. 31, 1890.

---

No. 14,542.

## The Bedford Bank v. Acoam.

BANKS AND BANKING.—*Promissory Note of Depositor.*—*When Bank may Pay.*
—Where a promissory note, negotiable and payable at a bank in this State, is sent to said bank properly endorsed for collection, the bank has the right to pay the note out of any general funds of the maker on deposit and charge his account with the amount so remitted.

SAME.—*Payment of Depositor's Note.*—*Equitable Owner or Purchaser.*—*Action by Depositor Against Bank.*—*Set-Off.*—One who has drawn a bill or note payable at a bank, must have done so for some purpose, and he can not be heard to say after his banker has paid a just debt for which he had given a note, to which he claims no defence, that the payment was wholly voluntary and unauthorized. In such a case the banker who

has paid the note, is entitled to hold it as the equitable owner or purchaser, and is entitled to set it off in a suit to recover a balance due the depositor on general account.

From the Lawrence Circuit Court.

*J. W. Buskirk, M. F. Dunn* and *G. G. Dunn,* for appellant.

*J. Giles,* for appellee.

MITCHELL, J.—On the 8th day of May, 1888, John W. Acoam had a sum of money on general deposit in the Bedford Bank, in Bedford, Indiana. The bank on that day received a note, endorsed to it for collection, payable by the depositor to Stone Sons & Co., at the Bedford Bank. The bank remitted the amount due on the note to its correspondent, and charged the account of its depositor with the sum remitted. This was done without notice to the depositor, or other authority, except such as the law implies, from the fact that the note was negotiable and payable at the bank, and was duly endorsed and sent to it for collection. The depositor repudiated the act of his banker, and sued the bank to recover an alleged balance, which it is conceded he is entitled to recover, unless the bank has the right to set off the amount of the note above mentioned. There is no question but that the bank acted in good faith, nor is there any dispute but that the plaintiff below owed the note to Stone Sons & Co.

It is settled that as soon as money is deposited in a bank the depositor and the bank assume the relation of debtor and creditor. The money at once becomes the property of the bank, and unless the money deposited was designed for a special purpose, or unless there exists an agreement to the contrary, the bank has the right to apply a sufficient amount of the deposit to the payment of any debt due from the depositor to the bank. *Lamb* v. *Morris,* 118 Ind. 179. If the Bedford Bank had discounted the note of Stone Sons & Co., or taken an absolute assignment to itself of the paper, there would be no dispute about its

right to retain the amount due out of the depositor's account. Is the right of the bank to set off the sum admitted to be due on the note destroyed because the amount was paid, not by way of discount, but in consequence of the note having been made payable at the bank? The authorities are not agreed upon the question, but upon principle, and in consonance with the weight of authority, it seems to us the right of the bank to set off the amount, must be affirmed. In England it is the settled rule that if a note is made payable at a particular bank, the maker thereby authorizes the bank to pay it out of his funds on deposit, or by advancing the amount to his credit. Accordingly, in *Robarts* v. *Tucker*, 16 Ad. & El. N. S. 560, Parke, B., said: "If this were the ordinary case of an acceptance made payable at a banker's, there can be no question that making the acceptance payable there is tantamount to an order, on the part of the acceptor, to the banker to pay the bill to the person who is according to the law merchant capable of giving a good discharge for the bill." So in *Kymer* v. *Laurie*, 18 L. J. Q. B. 218, certain bankers holding in their hands an amount of money on account of a depositor, paid a bill of exchange which had been made payable at their banking-house when it became due, and was presented to them by the holder. No orders to pay the acceptance had been given, nor had the authority contained on the face of the bill been countermanded. It was held that the bankers had authority to apply the funds of the depositor in their hands to the payment of the acceptance. This rule, with some modifications, has been recognized almost universally by the courts in this country. Accordingly, we find it declared in an early case (*State Bank* v. *Armstrong*, 4 Dev. 519) that there can be no question that if a bank pays off a note or acceptance of a depositor, payable at the bank, this constitutes a proper debit in the account of the depositor, and in *Mandeville* v. *Union Bank*, 9 Cranch, 9, Chief Justice MARSHALL said: "By making a note ne-

gotiable in bank, the maker authorizes the bank to advance on his credit, to the owner of the note, the sum expressed on its face."

Many well considered cases go to the full extent of holding that a note payable at a banking-house is in effect the equivalent of a check or draft on the bank in favor of the holder of the note, and that the bank is in default if it allows the paper to go to protest, in case the maker has money due him from the bank on account, generally applicable to the payment of drafts or checks.   *Commercial Nat'l Bank* v. *Henninger*, 105 Pa. St. 496 (20 C. L. J. 144); *Indig* v. *Nat'l City Bank, etc.*, 80 N. Y. 100; *Ætna Nat'l Bank* v. *Fourth Nat'l Bank, etc.*, 46 N. Y. 82; see, also, Randolph Com. Paper, section 1441; Daniel Neg. Inst., section 326a; 2 Morse Banks, section 557; Bolles Banks and Depositors, section 403.

A contrary view has, however, been vigorously maintained.   *Grissom* v. *Commercial Nat'l Bank*, 87 Tenn. 350 (3 L. R. Ann. 273); *Ridgley Nat'l Bank* v. *Patton*, 109 Ill. 479.   While we are not inclined to the view that a promissory note negotiable and payable at a bank in this State is, in all respects, the equivalent of a check drawn by the maker against a fund on deposit in the bank, so as to require the banker to pay the note on presentation out of funds applicable to that purpose, we can conceive of no valid reason why a note or bill thus drawn should not be held to authorize the banker to pay, and thereby become subrogated to all the rights of the holder to the same extent as if it had purchased the paper after maturity.   One who has drawn a note or bill payable at a bank, must have done so for some purpose, and he can not be heard to say after his banker has paid a just debt for which he had given a note, to which the maker claims no defence, that the payment was wholly voluntary and unauthorized.   In such a case the banker who has paid the note, is entitled to hold it as the equitable owner or purchaser, and is entitled to set it

The decision in *Scott* v. *Shirk*, 60 Ind. 160, upon the facts there involved, is not necessarily opposed to the conclusion above. When a note payable at a bank is signed by three persons, one of whom has an account at the bank, it may well be said that the bank has no power to transfer money deposited by one of the makers to the payment of the note without the depositor's consent. *Lamb* v. *Morris, supra.*

The court erred in its conclusions of law upon the facts found.

Judgment reversed, with costs, with directions to the court below to restate its conclusions of law in consonance with this opinion. .

