## SWAIM v. GRINLEY ET AL.

[No. 2,654.   Filed October 13, 1898.]

BILLS AND NOTES.—*Contract.*—*Assumption of Mortgage*˜*Debt.*—*Practice.*—The payee of a note secured by mortgage may pursue the mortgagor individually and collect his claim without regard to an agreement between such mortgagor and a third party, by the terms of which agreement the third party assumed the mortgage debt.

From the Parke Circuit Court.   *Affirmed.*

*James Wright* and *J. M. Seller*, for appellant.

*S. D. Puett* and *J. S. McFaddin*, for appellees.

HENLEY, C. J.—Appellee Grinley was the plaintiff below, and began this action against appellant upon a promissory note, by a complaint in one paragraph. Appellant answered in four paragraphs, and also filed a cross-complaint of two paragraphs against appellee Grinley and his co-appellees, George W. and Alice Jessup. The separate demurrer of appellee Grinley, directed to the four paragraphs of answer, and to the first and second paragraphs of cross-complaint, was sustained. The separate demurrers of appellees George W. and Alice Jessup to each paragraph of cross-complaint were also sustained. There was a trial by the court without the intervention of a jury, and a finding in favor of appellee Grinley, and judgment for the amount of the note in suit.

The rulings of the lower court in sustaining the various demurrers to the pleadings, as before stated, are the alleged errors properly assigned to this court by the appellant for review.

The fourth paragraph of answer, to which a demurrer was sustained, admits the execution of the note in suit, but further avers that, to secure the payment of said note, appellant and wife executed a mortgage upon certain real estate in Parke county, In-

diana, which appellant at said time owned; that said mortgage was duly recorded; that Grinley was the owner and holder of the note and mortgage all the time, from its execution until the bringing of this suit; that on the 11th day of February, 1887, Moses Swaim and Margaret Swaim began their action in the Parke Circuit Court against appellant to quiet their title to the said land so mortgaged by this appellant to said Grinley, and by the judgment of said Parke Circuit Court the title to said land was quieted in said Moses Swaim; and that afterwards, on the 3d day of July, 1893, said Swaim began an action against appellant for possession of the said real estate, and such proceedings were had in said action as that on the 19th day of September, 1893, there was a judgment rendered by agreement in favor of said Swaim, and that, as a part consideration of said judgment by agreement, the said Moses Swaim was to assume and pay off the note secured by said mortgage, and should take the land subject to the lien of said mortgage. It is further alleged that appellee Grinley had full knowledge of the commencement and termination of said actions, and had full knowledge of the judgment by agreement in favor of said Moses Swaim, and had full knowledge of the assumption by said Swaim of said debt as a part of the consideration for the judgment rendered in his, said Swaim's, favor. Said answer concludes as follows: "Defendant avers that by the delay of plaintiff to collect, or to try to collect, the said note, that he has been released, and is not liable on said note; wherefore," etc. There are two paragraphs of the cross-complaint which present substantially the same facts as are found in the fourth paragraph of answer. In the first paragraph of the cross-complaint it is alleged that appellees George W. and Alice Jessup are "interested

and necessary parties to a full determination of the matters herein involved,, and that they are made parties to answer as to their said interest." In addition to the allegations of the fourth paragraph of answer, the second paragraph of cross-complaint, as the pleader denominates it, avers that said mortgaged premises were on the 14th day of October, 1893, conveyed to appellees George W. and Alice Jessup, "who appear to be the present owners thereof." The prayer of the paragraph is as follows: "Wherefore he (plaintiff) avers that he is not liable on said note, and that he asks judgment for costs, and all other proper relief."

It is argued by counsel for appellant that on the facts appearing in the fourth paragraph of answer, and appearing fully in both paragraphs of cross-complaint, with the further allegation that appellant only parted with his title on condition that the note in suit should be paid, that thereby the appellant is put in a position where he has a right to compel the appellee Grinley to exhaust the mortgaged premises before proceeding against him personally for the debt. To sustain this position counsel cite three cases from the Supreme Court of this State, which we have carefully examined. It is held in *Durham* v. *Craig*, 79 Ind. 117, that when a mortgagor sells the mortgaged premises, and the purchaser assumes the payment of the mortgage debt, as a part of the consideration, the land is in his (the puchaser's) hands a primary fund for the payment of the debt, and the purchaser, in equity, as between him and the vendor (mortgagor), becomes the principal debtor for the mortgage debt, and either the creditor or the mortgagor has the right to have the land applied to the payment of the mortgage debt in preference to a creditor of the vendee. In the case of *Stanton* v. *Kenrick*, 135 Ind. 382, it is

held that one who in a deed assumes and agrees to pay an existing encumbrance upon the land, as a part of the purchase price, becomes by such assumption the principal debtor, and liable to be sued in the first instance by the holder of the debt, and, as between grantor and grantee, the former is surety and the latter principal. To the same effect are the cases of *Higham* v. *Harris*, 108 Ind. 246; *Birke* v. *Abbott*, 103 Ind. 1, 53 Am. Rep. 474; *Sefton* v. *Hargett*, 113 Ind. 592.

We are unable to see where the principles of law announced in the cases cited apply to this cause. Neither paragraph of the answer or cross-complaint presents facts which would bring the cause within the operation of the rule as announced in the cited cases. Appellee could have brought his action primarily against any person who, as purchaser of the mortgaged premises, had assumed and agreed to pay the debt; but it is optional with the creditor whether he do this, or pursue the principal debtor upon his note. The creditor is not bound to accept the terms of a contract entered into between his debtor and a stranger, and to which contract he was not a party, but he may accept it. The doctrine of novation is in no way involved in such cases, the original debtor is not released, and the creditor is not a party to the transaction in any way. As between the original debtor and the purchaser of the mortgaged real estate, who has assumed and agreed to pay the mortgage debt, they, by the transactions as between themselves, fix their liability for the debt, but this does not in any way change the liability of the original debtor to the payee of the note, and the payee can, if he chooses, pursue the debtor individually, and collect his claim, without regard to any arrangement which may have been made between the maker of the note and a third person. Now, if any arrangement was entered into

between appellant and the purchaser of the land, whereby, as between appellant and the purchaser of the land, appellant became surety, and the purchaser became principal, for the payment of the note in suit, and if afterwards appellant was compelled to pay the debt, then, after such payment, appellant can proceed against the purchaser personally, or foreclose the mortgage, which equity will keep alive for his benefit.

Neither paragraph of the cross-complaint stated a cause of action against either of the appellees, and the demurrers were properly sustained to it. For the reasons heretofore stated, the fourth paragraph of answer was also clearly insufficient. Judgment affirmed.