MILES *v.* BOSSERT, RECEIVER.

[No. 14,134. Filed December 12, 1930.]

*Harlan & Brown, Leland Bond* and *Cecil Tague,* for appellant.

*Wiles, Springer & Roots,* for appellee.

REMY, J.—In November, 1929, Bossert was appointed receiver for a certain bank which, at that time, was, and for many years prior thereto had been, doing business as a private institution under the banking laws of Indiana. When Bossert became receiver, appellant Miles was a depositor of the bank, having on deposit a general checking account of $155.13; Miles was also indebted to the bank in the principal sum of $154.25, as evidenced by a promissory note payable to the bank. The note being past due, this action was begun by the receiver to enforce collection. To the complaint, Miles pleaded in set-off, asking that the amount of his deposit be set off against the amount found by the court to be due on the note. A demurrer to the set-off for want of sufficient facts was sustained, and Miles refusing to plead further, judgment was rendered against him; this appeal followed.

The effect of the court's ruling on the demurrer was to hold that the bank deposit could not be set off against the sum found due on the note. In his brief supporting the ruling of the trial court, appellee concedes that if the bank had been a solvent going concern, then, under the provision of the Indiana Code governing set-off (§93 Civil Code of Procedure, §371 Burns 1926), the right of appellant to the set-off could not be questioned. But, it is argued, that, since the bank is insolvent and in charge of a receiver as liquidating agent, an allowance of the set-off would be equivalent to creating a preference in favor of Miles, in violation of the rule requiring equality among creditors in the distribution of the assets of an insolvent estate. We do not concur in that view. When the receiver took over the assets of the bank, he succeeded to all the legal rights of the bank existing at that time; among the assets was Miles' debt to the bank. The amount of Miles' debt, measured by the bank's legal rights, was what remained after deduct-

ing the amount of his deposit. No preference was created, and there was no violation of the rule as to equality among creditors. The principle involved and the reason therefor are well stated by the United States Supreme Court in *Scott* v. *Armstrong* (1892), 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059: "Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted which can justly be held to form a part of the assets of the insolvent. The requirement as to ratable dividends, is to make them from what belongs to the bank, and that which at the time of the insolvency belongs of right to the debtor does not belong to the bank." To the same effect, see *Hammons* v. *Grant* (1924), 26 Ariz. 344, 225 Pac. 485; *Funk* v. *Young* (1919), 138 Ark. 38, 210 S. W. 143, 5 A. L. R. 79; *Building & Engineering Co.* v. *Northern Bank* (1912), 206 N. Y. 400, 99 N. E. 1044; *Upham* v. *Bramwell* (1922), 105 Ore. 597, 209 Pac. 100, 210 Pac. 706, 25 A. L. R. 919; *In re Hatch* (1898), 155 N. Y. 401, 50 N. E. 49, 40 L. R. A. 664.

In support of his contention that the set-off was properly denied by the trial court, the receiver cites and relies on two cases: *Marion Trust Co.* v. *Trustees Edwards Lodge, etc.* (1899), 153 Ind. 96, 54 N. E. 444; *Columbia Finance, etc., Co.* v. *Tharp* (1900), 24 Ind. App. 82, 56 N. E. 265. In each of those cases, it was held that, in a suit by the receiver of an insolvent building and loan association against a member of the association to collect borrowed money, the defendant was not entitled to credit for money he had paid the association as monthly dues. In each case, the court reasoned that, since the member was a stockholder and the dues paid by him were but payments on his stock, the allowance of a credit for dues would be inequitable, especially to nonborrowing members. The holding is clearly right,

for, as stated in the Marion Trust Company case, "Equality requires that losses shall be borne by those who would have shared the profits, and in the same proportions."

We hold that the action of the court in sustaining demurrer to the set-off was error, for which the judgment is reversed, with instructions to grant a new trial.