### WOLCOTT, RECEIVER v. PIERRE.

[No. 14,710. Filed January 26, 1934. Rehearing denied April 27, 1934. Transfer denied October 1, 1934. Petition to reconsider denied February 18, 1935.]

*Kelso Elliott, Homer Elliott,* and *Carl H. Weyl,* for appellant.

*Howard P. Travis,* and *Barnes & Johnson,* for appellee.

SMITH, J.—This appeal involves the question of whether a partnership deposit in an insolvent bank in the hands of a receiver can be set off against a note owing to the bank by one of the partners, with the consent of the other partner.

Appellant brought this action against appellee by a complaint in two paragraphs upon two promissory notes payable to appellant's insolvent, The State Savings and Trust Company. Appellee answered each paragraph of complaint in two paragraphs: (1) General denial; (2) a plea of set-off, in which appellee sought to set off a joint deposit of himself and his partner.

Appellant demurred to the second paragraph of appellee's answer to the first paragraph of complaint, which was overruled. Appellant replied in general denial to each paragraph of answer.

The cause was submitted to the court for trial without a jury, and upon request special finding of facts and conclusions of law were made and filed.

Appellant excepted to each of the conclusions of law, and judgment was rendered thereon for the appellee for costs.

The appellant assigned as errors: (1) the court erred in overruling of appellant's demurrer to the second paragraph of appellee's answer to the first

paragraph of appellant's complaint; (2) the court erred in its conclusion of law number one; (3) the court erred in its conclusion of law number two; (4) the court erred in its conclusion of law number three. Each of these assignments raises the same question, which is stated at the beginning of this opinion.

The substance of the facts found by the court is that on February 3, 1930, the appellee executed his promissory note to The State Savings and Trust Company for $750 with interest, and on April 4, 1930, executed another promissory note for the sum of $200 with interest; that on the 25th day of April, 1930, The State Savings and Trust Company, having become insolvent, suspended business, and on May 5, 1930, in the Marion circuit court, Marion county, Indiana, in a proceeding by the Bank Commissioner of the State of Indiana against The State Savings and Trust Company, appellant herein was appointed receiver and immediately qualified as such, and had been, and was the acting receiver of said trust company up to and at the time of the trial. No payment had been made on said notes at the time of the suspension of said trust company, or of the appointment of said receiver. The appellee had been for some time prior, and was at the time of the rendering of the special finding herein, a partner in the firm of Pierre and Wright, which firm was a depositor in said trust company at the time of its suspension, and at the time of the appointment of said receiver, and was a creditor of said trust company on account of its said deposit in the sum of $1594.24. Subsequent to the appointment of the receiver, the appellee and his partner Wright agreed that as much of said partnership account as was necessary to extinguish these notes sued upon should be applied and used for that purpose. The receiver was told of this arrangement, and was requested to recognize said agreement,

and to apply said deposit of the partnership of Pierre and Wright, or as much as was necessary to the payment of said notes owing to appellee, but refused to do so.

The court further found that said partners do now agree, and at all times since the beginning of this action have agreed that said partnership deposit account may be used, and applied to the payment of said notes. The court also found that there was due on said notes the sum of $1045.16, and in addition the sum of $125 for appellant's attorney's fee.

Upon the facts so found, the court concluded the law to be as follows:

"1. That the law is with the plaintiff upon his complaint and that the defendant is indebted to the plaintiff upon the notes sued on in the sum of $1045.16; but that the law is with the defendant upon his second paragraph of answer and that the defendant is entitled to set off against the amount due on said notes the full amount thereof on account of the claim set out in said paragraph of answer.

"2. That the plaintiff is not entitled to recover of the defendant and that the plaintiff take nothing by his complaint.

"3. That defendant recover his costs herein laid out and expended and taxed at $......."

The exact question raised in this case has not been presented to the courts of appeal of this state before.

Appellee contends that he is not relying upon a statutory set-off under section 371, Burns' Ann. St. 1926, §2-1016, Burns 1933, §120, Baldwin's 1934, but seeks an equitable set-off "because of the fact that appellant was insolvent, and therefore appellee and his partner had no way of enforcing their demand against appellant at law." The courts of Indiana have long recognized the doctrine of equitable set-off: and, while the general rule is that only mutual debts existing in the same right are proper matters of

set-off, still this rule has exceptions, one of them being that whenever it is necessary to prevent irremediable injustice, equity will allow the set-off although the debts are not mutual. *Watson's Works' Practice,* section 715, page 511. Appellee cites to this proposition two cases from Indiana, *Eigenmann et al.* v. *Clark et al.* (1898), 21 Ind. App. 129, 51 N. E. 725; *Sefton* v. *Hargett et al.* (1888), 113 Ind. 592, 15 N. E. 513. The rule announced in both of these cases cited by appellee is to the effect that a court of equity will sometimes allow a set-off in the absence of strict mutuality, in order to prevent irremediable injustice.

Appellant concedes this rule, saying that it is "too well settled for debate. But they do not decide what, in every instance, is irremediable injustice; they do not decide what nor where the equity would be if there were other creditors equally entitled to share in the distribution of the insolvent's estate."

So, the question here is, Is the enforcement of the set-off herein necessary to prevent irremediable injustice?

Appellee bases his right to this set-off upon the fact of the insolvency of the bank and the consent of his partner that the joint deposit may be used for this purpose; and that to disallow the set-off would work an irremediable injustice to appellee; and cites several cases from outside jurisdictions upon this proposition, among them some from the State of Pennsylvania, which has gone further in the allowing of set-offs than most of the other states in this country. In the case of *Gray* v. *Rollo* (1874), 85 U. S. (18 Wall.) 629, 632, 21 L. Ed. 927, the Supreme Court of the United States, speaking of the Pennslvania rule, said:

"In Pennsylvania, it is true, set-off is allowed in cases where the claims are not mutual, and, in that State, under the decisions there, it is probable that

set-off would be allowed in such a case as this. But we do not regard the rule adopted in Pennsylvania as in accord with the general rules of equity which govern cases of set-off."

We do not think that the Pennsylvania rule, which allows set-offs without regard to mutuality, should be followed in this state.

We have examined all of the cases cited by appellee, and many others. Those cited by appellee, except the Pennsylvania cases, do not extend the rule of set-off of partnership debts against individual debts so far as appellee would have us go. *Chamberlin* v. *Stewart and Powell* (1837), 36 Ky. (6 Dana) 32, was not a banking case, nor did it involve the question of other creditors, and does not support appellee in his contention. Appellee also cites the case of *The Second National of Cincinnati* v. *Hemingray* (1878), 34 Ohio St. 381, in which the question of fraud entered into the transaction. Homans, a private banker, "under circumstances of deception amounting to a fraud," induced Hemingray and Company, who desired to withdraw their deposits prior to the insolvency and failure of the bank and pay up their indebtedness, to continue their deposits. That is an entirely different situation than in the case at bar, where no fraud is involved.

In his brief, appellee says "Two cases have already allowed this identical set-off against officers in the position of receiver;" and then cites the cases of *Morey* v. *State ex rel.* (1928), 129 Okla. 136, 263 Pac. 1098, and *The Second National Bank* v. *Hemingray, supra.* As indicated, the latter does not support this contention. The Morey case is a suit in which the partnership account sought to be set off against the note of Morey, a partner, was owned by Morey; in fact Morey was the owner of the entire partnership. One Browne and Morey and his wife originally were equal partners in a motor company business which was oper-

ated as the Morey Motor Company. During the course of the business, Morey raised $4,000 and Browne, $2,500 to put into the business. Later, the bank of which Browne was cashier became insolvent, and was taken over by the State Bank Commissioner of Oklahoma. The indebtedness of the bank to Morey was in the form of a deposit in the name of the partnership, and other items. The decision of the Supreme Court of Oklahoma turned upon the facts, one of which was that Morey was the sole owner of the partnership for which the note was in fact contracted, and of which the bank knew. This case does not support appellee in his contention.

The principle that an *individual* depositor in an insolvent bank in the hands of a receiver may set off his deposit therein against an indebtedness of his own to the bank has been decided by this court in the case of *Miles* v. *Bossert, Receiver* (1930), 92 Ind. App. 10, 173 N. E. 656, in the affirmative, but does not determine the question before us in the instant case. Here, the rights of other creditors have intervened, and it can well be inferred from the special finding that at the time of the appointment of the receiver the insolvent bank had other depositors who were creditors of the bank. To extend this principle contended for by appellee, that the deposit of this partnership should be set off against the appellee's individual debt, would work an injustice to the other depositors of the bank, and might open the door for the perpetration of fraud.

If the joint deposit in this case should be set off against the individual debt, it would have to be upon the theory of an assignment of the deposit to appellee. In other words, the consent of the appellee's partner to the use of their joint deposit as a set-off, in effect, amounts to an assignment of his interest in such deposit to appellee. If this were permitted, then one who is indebted to an insolvent bank and does not have a

deposit in the bank at that time could, after receivership, obtain an assignment of a deposit from some other depositor, and set this off against his own indebtedness. This principle, if adopted in this state, would work an injustice upon the other depositors who were unable to obtain assignments of deposits to set off against their debts. 24 Ruling Case Law, page 805, §13, announces this principle, in speaking of equitable set-off:

"But there will be a grant of the remedy only for the purpose of securing an equitable result, and not where its allowance would work an injustice to others having equal equities."

Upon his appointment as receiver for the bank, appellant took the assets of the bank, which included its deposits, subject to all the existing equities and rights of the creditors of the bank. He also was charged with the duties of preserving the assets and making fair distribution to all of the creditors. At the moment that a receiver is appointed and takes charge as such, the status of debtors and creditors of the bank becomes fixed, and the rights of creditors of the bank intervene; and no consents to the use of, or assignments of, bank deposits from one to another can be recognized after a receiver has been appointed and the rights of creditors of the bank have attached, so as to allow a depositor either with the consent of his joint depositor, or by assignment, to create a credit in his own right in order to set the same off against his individual debt to the bank. The rights of depositors of an insolvent bank after the receivership have been discussed in the case of *Iglehart et al.* v. *Todd et al.* (1931), 203 Ind. 427, 178 N. E. 685.

We hold, therefore, that after the appointment of a receiver of an insolvent bank a partnership deposit can not be set off against individual debts of a partner to the bank. This position is sustained from other juris-

dictions in the following cases: *In the Matter of Van Allen* (1861), 37 Barb. (N. Y.) 225, 231; *Fralick* v. *Coeur d'Alene Bank & Trust Company* (1922), 35 Idaho 749, 208 Pac. 835, 836; *Bank of Anderson* v. *Allen et al.* (1928), 146 South Carolina 167, 143 S. E. 646; *Myers* v. *Cantley, Commissioner* (1929), 324 Missouri 795, 18 S. W. (2d) 112.

In the Van Allen case, *supra,* the New York court said:

> "Therefore where, on the one side, the debt due to the bank is due from a firm or from several persons jointly, and the credit belongs to an individual, or vice versa, equity does not require or justify an application of the rule of set-off. It cannot be said, in any just sense, that these are mutual debts or credits, nor would, I think, an assignment of the demand by the creditor of the bank, after the appointment of the receiver, so as to vest the title to such demand in the same person or persons who are indebted to the bank, and having that object directly in view, in order to accomplish a set-off, have that effect."

In the Fralick case, the Supreme Court of Idaho cited the Van Allen case, *supra,* and also a case from Illinois, *International Bank of Chicago* v. *Jones* (1887), 119 Ill. 407, 9 N. E. 885. After quoting from the Illinois case the general rule of set-off by a bank, the Idaho Supreme Court said (p. 754):

> "The converse rule is likewise true, that a partnership deposit cannot be set off against an individual debt. Neither, in our opinion, do the facts in this case fall within the exception to the effect that the rule that mutuality is essential to the validity of a set-off does not apply, where it is necessary to allow a set-off to do complete equity or to prevent irremediable injustice. The firm of Reed & Boughton were depositors along with other depositors and will suffer no greater injustice insofar as their deposit is concerned, than others like situated."

The firm of Pierre and Wright were depositors along with other depositors, and by refusing to allow this joint deposit to be set off against appellee's debt, they will suffer no greater injustice, insofar as their deposit is concerned, than others in like situations.

There is another reason why this partnership deposit in the instant case should not be allowed as a set-off to appellee's debt, and that is the partnership property of appellee and his partner is, of course, subject to the partnership debts, and to subject it to the debt of one of the partners, or allow it to be set off for his debt to a bank, might deprive the creditors of the partnership, if there were any, of their rights in this partnership deposit. So, it could hardly be said that the failure to allow the set-off will work an irremediable injustice to appellee, but the injustice, if any, might be against the other depositors and creditors of the bank.

The *Bank of Anderson* v. *Allen, supra,* was a case similar to the instant one. The court was called upon to determine the question whether a partnership deposit in an insolvent bank, where the bank was being liquidated under the control of the State Bank Examiner, could be set off against a debt to the bank of one of the partners. The court cited and quoted from the Fralick case, *supra,* saying (p. 174):

> "According to our view, the legal rules forbid the allowance of the set-off asked for by the defendant, and we do not regard the case as one in which equity should intervene and allow the set-off. The rights of all other creditors of the insolvent bank must be protected, as well as the rights of the defendant Allen who owns an interest in a partnership deposit."

For the error of the lower court in its conclusions of law numbers 1, 2, and 3, this judgment is reversed, and the lower court is hereby directed to re-state its conclusions of law in conformity with this opinion, to

the effect that the appellant is entitled to recover upon his complaint, and that the law is with the appellant upon the second paragraphs of answer of appellee, and that appellee is not entitled to set off the partnership deposit against any amount due on said notes, as set out in the second paragraph of answer.

What we have said with reference to the errors in the conclusions of law make it unnecessary to discuss the error assigned on the ruling upon the demurrer to the second paragraph of answer to the first paragraph of complaint.