TEETERS *v.* THE CITY NATIONAL BANK OF AUBURN ET AL.

[No. 27,079. Filed May 24, 1938. Rehearing denied September 27, 1938.]

*Mountz & Mount, James D. Brinkerhoff,* and *Kelso Elliott,* for appellant.

*W. D. Stump,* and *John C. Armstrong,* for appellees.

*William W. Hammond, C. Severin Buschmann, Leo M. Gardner, William H. Kreig, Paul J. DeVault,* and *John A. Alexander,* amicus curiae.

SHAKE, J.—The undisputed facts out of which this appeal arises are as follows: On August 12, 1930, Franklin M. Teeters, Amanda Teeters, appellant herein, and Raymond M. Clark, an appellee, executed and delivered their promissory note to the appellee City National Bank of Auburn for $700, due 90 days after date. The makers of the note were principals so far as the bank was concerned, but as between them Amanda Teeters and Raymond M. Clark were, under the undisputed evidence, sureties for Franklin M. Teeters. Franklin M. and Amanda Teeters were husband and wife. He died November 3, 1930, insolvent, the note being then due and unpaid. The widow collected $1,000 in life insurance, out of which she paid funeral and other expenses, leaving her a balance of $515.62, which she had on deposit with the appellee bank in a savings account. Thereafter, on June 21, 1933, the bank credited said deposit on said note, without notice to Amanda Teeters, leaving a balance due on said note of $184.38, for which the bank sued her and the co-maker Clark on March 20, 1934. Appellant filed an answer and a cross-complaint, alleging that the bank had no right to credit her savings account on the note referred to; that at the time the note was so credited, she was a resident

householder of the State of Indiana, entitled to a householder's exemption in the sum of $1,000, and that she had less than that amount of property, taking said savings deposit into account. She asked for judgment on her cross-complaint for the amount of her said savings deposit. There was a trial, finding and judgment for the appellee bank and against the appellant on all the issues. A motion for a new trial assigned that the decision of the trial court was contrary to law and not sustained by sufficient evidence. A new trial was denied and this appeal follows.

The appellant claims the cause ought to be reversed on two grounds: (1) Because the bank had no right to set off her individual deposit against the note in question, for the reason that there was no such mutuality of interest between the bank and the makers of the note in respect to her individual deposit as would authorize such a transaction; and (2) because the householders' exemption statutes of the state precluded the bank from crediting the note with the appellant's deposit. Both of these propositions are fully presented and discussed in the briefs of the parties.

That a bank may ordinarily charge a borrower's deposit with a due note is not to be questioned. The right existed at common law and is now clearly recognized by statute in the Negotiable Instruments Act. Section 19-618 Burns' Ann. St. 1933, §12904 Baldwin's 1934. The basis of the right, whether viewed from the standpoint of the common law or of the statute, is the same. It finds its justification in the doctrine of set-off, that is, the right which exists between two persons, each of whom, under an independent contract, express or implied, owes an ascertained amount to the other, to set off their mutual debts by way of deduction, so that in an action brought for the larger debt, the residue only, after such deduction, may

be recovered. *State* v. *Beach* (1897), 147 Ind. 74, 90, 46 N. E. 145; 9 C. J. S., p. 616, note 64. It is familiar law, however, that mutuality is essential to the validity of a set-off, and that, in order that one demand may be set off against another, both must mutually exist between the same parties. *Proctor* v. *Cole* (1886), 104 Ind 373, 3 N. E. 106, 4 N. E. 303. Accordingly, it is settled that a bank can claim no lien upon the deposit of one partner, made on his separate account, in order to apply it on a debt due from the firm, nor can the joint and several note of three persons be paid out of the individual deposit of one, unless he be the principal and the others sureties, or unless it becomes necessary in order to do complete equity or avoid irremediable injustice. *Lamb, Receiver* v. *Morris* (1889), 118 Ind. 179, 20 N. E. 746. "When a note payable at a bank is signed by three persons, one of whom has an account at the bank, it may well be said that the bank has no power to transfer money deposited by one of the makers to the payment of the note without the depositor's consent." *Bedford Bank* v. *Acoam* (1890), 125 Ind. 584, 588, 25 N. E. 713.

The appellee bank contends, however, that the rules which we have just stated are not applicable, in view of §192 of our Negotiable Instruments Act (§19-1803 Burns 1933, §13010 Baldwin's 1934), which, by its terms, renders the appellant primarily liable for the payment of the obligation sued upon, it being asserted that since she was primarily liable thereon to the bank, the right to apply her individual deposit can not be denied. The authorities found in other jurisdictions are not in harmony on this subject, and some of them sustain appellees' contention. However, in the case of *Sefton* v. *Hargett* (1888), 113 Ind. 592, 595, 15 N. E. 513, this court, through Mitchell, C. J., said with respect to who is to be considered the principal debtor and who is a surety as regards the right of set-off:

"The principal defendant must be construed to mean the person who, according to the relations actually existing between the makers of the note, at the time of the commencement of the suit, sustains the character of principal debtor, or the one then primarily liable for the debt, and in respect of whom the other defendants might, in a proper proceeding, be declared sureties. Suretyship is a fact collateral to the contract, and is ordinarily no part of the contract itself. It is immaterial in what form the relation of principal and surety is established, or whether the creditor was or was not contracted with in that relation. The relation is fixed by the arrangement and equities between the debtors, and may or may not be known to the creditor . . . .

"It depends upon the relations existing between the makers of the note, and is determined by inquiring who received the consideration of the contract, or who, according to the arrangements actually made and existing among themselves, ought to pay the debt."

Ruling precedents of long standing involving such important matters as negotiable instruments, and the rights and liabilities of the parties contracting under or in respect thereto, touch many transactions of great importance among men, and courts ought to be reluctant to disturb them. This court is therefore disposed to follow the rule just quoted, as affording a safe and logical basis of determining, in a case like the one before us, whether there existed such mutuality as would authorize the payee to apply said maker's individual deposit toward the payment of a note executed by three persons, one of whom was, as between them, a stipulated surety, and the other merely the wife of the person who negotiated the loan and received the proceeds thereof. Beyond that we are not called upon to apply the case of *Sefton* v. *Hargett, supra,* to the present Negotiable Instruments Act.

In determining whether mutuality exists between the parties with regard to a particular transaction, it is proper and necessary to take into account their reciprocal rights and obligations. Looking to the situation that would have arisen had appellant sued the appellee bank for her deposit, and had the bank then sought to set off the note herein sued on against its liability, we have a proper perspective of the mutual rights of the parties. In *Miles* v. *Bossert, Receiver* (1930), 92 Ind. App. 10, 173 N. E. 656, it was held that a depositor was entitled to set off his claim against his own indebtedness to an insolvent bank. But in *Wolcott, Receiver* v. *Pierre* (1935), 100 Ind. App. 16, 188 N. E. 596, in which this court denied a transfer and refused to reconsider its action in so doing, it was also held that lack of mutuality prevented the application of a partnership deposit to the individual debt of one of the partners to the bank.

We do not find in this case any basis to warrant the conclusion that as between appellant and appellee bank there existed such mutuality with respect to the note sued on and appellant's individual deposit as would justify application of the doctrine of set-off herein considered. If set-off would not have been allowed in a proper case, appellant was entitled to recoup the proceeds of her deposit by cross-complaint in an action for the balance due on the note. The decision of the trial court is therefore contrary to law and must be reversed. It is not necessary for us to consider or pass upon the other alleged error, namely, that appellant's deposit was protected under the resident householder's exemption statute.

Reversed, with directions to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.