

IN THE

# Court of Appeals of Indiana

Angela Hendrix,

*Appellant-Defendant*

v.

Donald Campbell, *et al.*,

*Appellees-Plaintiffs*



FILED

May 20 2024, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

May 20, 2024

Court of Appeals Case No.
23A-PL-2234

Appeal from the Owen Circuit Court

The Honorable Kelsey B. Hanlon, Judge

Trial Court Cause No.
60C02-2007-PL-250

**Opinion by Judge Tavitas**
Judges Mathias and Weissmann concur.

**Tavitas, Judge.**

## Case Summary

In the current case on appeal, Donald and Pamela Campbell were awarded a judgment against Angela Hendrix.[1] Then, in a separate case, Angela sued Pamela alone and was awarded a judgment against Pamela. Angela then filed a motion in this case to set off Donald's and Pamela's judgment by the judgment Angela owned against Pamela in the separate case. The trial court denied the motion for set-off. Angela appeals and argues that the trial court erred by denying her motion. We are not persuaded by Angela's arguments, and accordingly, we affirm.

## Issue

Angela raises one issue, which we restate as whether the trial court erred by denying Angela's motion for set-off.

## Facts

This appeal arises out of proceedings supplemental after a judgment was awarded in favor of Donald and Pamela against Angela. In 2019, Angela and her husband were living in a house in Gosport, Indiana, (the "Gosport house"). *Hendrix v. Campbell*, Case No. 22A-PL-422, slip op. p. 3 (Ind. Ct. App. Oct. 25,

---

[1] The judgment was also awarded against Angela's husband, Ryan, who died on July 2, 2022. For the purposes of this appeal, we will simply refer to Angela.

2022) (mem.). That year, the Campbells agreed to lend Angela money to purchase a house in Spencer, Indiana, and in exchange, the Campbells would take possession of the Gosport house. *Id*. at 3-4. The Campbells paid for repairs to the Gosport house to make it suitable for Angela's step-sister, Stacy Zehr, to live in. *Id*. at 6. After Angela stopped making payments on the loan, the Campbells sued. *Id*. The trial court found that no enforceable agreement between the parties existed but that Angela had been unjustly enriched by the loan and repairs. *Id*. at 7-9. Accordingly, the trial court entered judgment in the amount of $114,796.49 "in favor of separate plaintiffs, Donald Campbell and Pamela Campbell" ("Judgment 1"). Appellant's App. Vol. II p. 43. A panel of this Court affirmed Judgment 1 on appeal. *See generally Hendrix*, No. 22A-PL-422. Following the appeal, the Campbells sought satisfaction of the judgment in proceedings supplemental through a sheriff's sale of the Gosport house, which the trial court approved on April 27, 2023.

[4] Meanwhile, on March 13, 2022, Angela sued Pamela alone in a separate case for unjust enrichment and conversion of the Gosport house.[2] On August 1, 2023, the trial court awarded judgment of $61,294.50 against Pamela and in favor of Angela ("Judgment 2"). Pamela died on August 6, 2023. On October 9, 2023, Angela petitioned for the appointment of a special administrator for the

---

[2] Cause No. 60C02-2203-PL-96.

purposes of collecting Judgment 2 from Pamela's Estate, which the probate court granted.

On September 11, 2023, Angela filed a motion in this case for a "set off" of Judgment 1 by Judgment 2.[3] Appellant's App. Vol. II p. 49. The trial court summarily denied this motion in an order issued on September 11, 2023. The Gosport house was sold the next day for $50,100. Angela now appeals the trial court's denial of her motion for set-off.

## Discussion and Decision

Angela argues that the trial court erred by denying her motion for set-off. We conclude that Angela has not carried her burden of persuasion.[4]

This case arises out of proceedings supplemental, which our Supreme Court has described as follows:

> Proceedings supplementary to execution are remedial actions authorized by statute. I.C. ch. 34-55-8 (2008 Repl.). They enable creditors to enforce money judgments against non-paying debtors. *Prime Mortg. USA*, *Inc. v. Nichols*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008). Because these proceedings merely continue

---

[3] Angela also requested in her motion that the trial court vacate the order for the sheriff's sale of the Gosport house. The trial court denied this portion of the motion, and Angela does not appeal this ruling.

[4] As an initial matter, Donald has filed a motion to dismiss this appeal on mootness grounds. "A case is moot when the controversy at issue has been ended, settled, or otherwise disposed of so that the court can give the parties no effective relief." *E.F. v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 188 N.E.3d 464, 466 (Ind. 2022). Donald does not allege that Judgment 1 has been satisfied, so we must assume that a portion of that judgment remains outstanding and could be affected by our disposition of this case. Accordingly, we deny Donald's motion to dismiss.

the underlying suit, creditors must initiate them under the same case number and in the same court that issued the civil judgment. *Id. See also* Ind. Trial Rule 69(E). A court's sole objective in conducting proceedings supplemental is "determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment." *Prime Mortg. USA*, 885 N.E.2d at 668 (quoting *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1029 (Ind. 2007) (Boehm, J., concurring in part and dissenting in part)).

*Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018). As for our review of trial court orders in proceedings supplemental,

> [o]ur system vests trial courts with broad discretion in conducting proceedings supplemental. *Com. Credit Counseling Servs., Inc. v. W.W. Grainger, Inc.*, 840 N.E.2d 843, 847 (Ind. Ct. App. 2006). "[I]n proceedings supplemental, we are constrained to treat a trial court's judgment as being general only." *First Bank of Whiting v. Samocki Bros. Trucking Co.*, 509 N.E.2d 187, 192 (Ind. Ct. App. 1987), *trans. denied*. We will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained. *Ill. Founders Ins. Co.*[*v. Horace Mann Ins. Co.*], 738 N.E.2d [705,] 708 [(Ind. Ct. App. 2000)]; *cf. W.W. Grainger*, 840 N.E.2d at 847 . . . . "We will affirm the trial court's judgment on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom." *Gallant Ins. Co. v. Wilkerson*, 720 N.E.2d 1223, 1226 (Ind. Ct. App. 1999).

*Prime Mortg. USA*, 885 N.E.2d at 669.

[8] We conclude that the trial court did not err by denying Angela's motion for set-off. "A set-off is a counterdemand growing out of an independent transaction, for which the defendant might maintain an action against the plaintiff, pleaded by the defendant to counterbalance the plaintiff's recovery, either in whole or in part, and, as the case may be, to recover a judgment in his own favor." *Duffy v. England*, 96 N.E. 704, 707 (Ind. 1911) (cited in *Zalud v. Ethan Assocs.*, 418 N.E.2d 309, 315 (Ind. Ct. App. 1981)); *see also Setoff*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining a set-off as "[a] defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim" and "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor"); 80 C.J.S. Set-off and Counterclaim § 59 ("The right of setoff allows entities that owe each other money to apply their mutual debts against each other.")

[9] Among other forms of set-offs, our courts have the equitable discretion to set off one judgment against another. *Junker v. Hustis*, 16 N.E. 197, 197 (Ind. 1888) ("It is settled that a set-off of one judgment against another will not be allowed unless it is equitable to allow it."). Generally, however, mutuality must exist between the judgments. In other words, the judgments must, at a minimum, be reciprocal between the same parties. *See Teeters v. City Nat'l Bank of Auburn*, 14 N.E.2d 1004, 1005 (Ind. 1938) ("It is familiar law . . . that mutuality is essential to the validity of a set-off, and that, in order that one demand may be set off against another, both must mutually exist between the same parties.") (cited in 25A IND. LAW ENCYCLOPEDIA Set-Off and Counterclaim § 3); *Brooks v. Harris*,

41 Ind. 390, 394 (Ind. 1872) (affirming set-off of Brooks's judgment against Harris and others by Harris's judgment against Brooks in a separate matter); 80 C.J.S. Set-off and Counterclaim § 59 ("Where mutuality of debts and parties exists, the trial court may order a set-off."). The requirement of mutuality may be excused "in order to prevent irremediable injustice." *Wolcott v. Pierre*, 188 N.E. 596, 597 (Ind. Ct. App. 1934) (cited in 25A IND. LAW ENCYCLOPEDIA Set-Off and Counterclaim § 3).

[10] Here, Pamela is deceased, Donald[5] owns Judgment 1 against Angela, and Angela owns Judgment 2 against Pamela's Estate. Angela cannot set off Judgment 1 by Judgment 2 because mutuality does not exist between the parties owing the judgments. Only Pamela was responsible for Judgment 2. Additionally, Angela has not demonstrated that an irremediable injustice supports dispensing with the mutuality requirement. On the contrary, equity does not support reducing Donald's award in Judgment 1 by a debt that he does not owe. Accordingly, the trial court did not err by denying Angela's motion for set-off.

## Conclusion

[11] The trial court did not err by denying Angela's motion for set-off. Accordingly, we affirm.

---

[5] We need not decide whether Pamela's Estate or any other persons also have a claim to Judgment 1.

Affirmed.

Mathias, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Michael L. Carmin
CarminParker, PC
Bloomington, Indiana

ATTORNEY FOR APPELLEES

Paul J. Watts
England Law Office, P.C.
Spencer, Indiana