ATTORNEYS FOR APPELLANT
Duane Snow
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
John Wray
Fort Wayne, Indiana

# In the
# Indiana Supreme Court



FILED
Oct 27 2009, 1:32 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 02S03-0812-CV-00762

RUDRAPPA GUNASHEKAR and
JAYASHREE GUNASHEKAR,

*Appellants (Defendants below),*

v.

KAY GROSE D/B/A AMERICA'S AFFORDABLE
HOUSING, J & K MANUFACTURING,

*Appellee (Plaintiff below).*

Appeal from the Allen Superior Court, No. 02D01-0509-CC-1274
The Honorable Nancy Eshcoff Boyer, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-0712-CV-00614

**October 27, 2009**

**Shepard, Chief Justice.**

Rudrappa and Jayashree Gunashekar appealed the trial court's judgment against them in a suit involving breach of contract, conversion, and deception. The Court of Appeals reversed and remanded solely on their dispositive claim that the court abused its discretion by denying their motion to continue the trial. We granted transfer and now affirm the trial court.

**Facts and Procedural History**

Rudrappa Gunashekar hired Kay Grose d/b/a America's Affordable Housing, J&K Manufacturing to repair fire damage to property they leased and had insured. After Grose had completed the work, Rudrappa Gunashekar refused to pay from his insurance proceeds. Grose sued for the balance of the agreed price. She also alleged that Mr. Gunashekar had forged her name on the back of the insurance check and had written a check to her which was returned unpaid.

Attorney George Martin appeared on behalf of the Gunashekars. He filed their answer and counterclaim and represented them at a pretrial conference on March 12, 2007. A resulting pretrial order set the case for trial on July 31 and August 1, 2007. In that order the court stated, "No removals or continuances of any settings or deadlines are permitted." (Appellee's App. at 1–2.)

On June 5, 2007, about eight weeks before trial, Martin filed the Gunashekars' statement of contentions and their witness and exhibit lists. He also filed a motion to withdraw his appearance.[1] On June 14, six weeks before the trial, the court granted Martin's motion, reiterating that the case "is set for Bench Trial on July 31, 2007 and August 1, 2007" and "No continuances will be granted." (App. at 51.)

On July 20, 2007, forty-five days after Martin filed to withdraw and eleven days before trial, Rudrappa Gunashekar sought a continuance *pro se*, stating "Defendants prays [sic] for grant sufficient time to hire counsel prior to the bench trial on July 31, 2007 and August 1, 2007 at 9:00 a.m." (App. at 52.) He did not attach affidavits or evidence, nor did Jayashree sign the motion. The motion did not contain any explanation of their efforts to retain a new attorney. The trial court denied the motion to continue on July 23.

---

[1] A copy of this motion is not included in the documents filed on appeal, and the parties do not explain the reason for the attorney's withdrawal.

The court conducted a half-day bench trial on July 31st. Grose was represented by counsel. The Gunashekars appeared *pro se*. The three parties were the only witnesses. At the end of the trial, the court gave the parties ten days to submit proposed findings of fact and conclusions of law. Rudrappa Gunashekar replied, "Since I don't have an attorney, I don't know how to do all these things." (Tr. at 95.) The trial court ultimately entered a judgment for Grose awarding her $147,337.04, for which the Gunashekars were jointly and severally liable, and an additional $296,520.00 for treble damages and attorney fees, for which only Rudrappa Gunashekar was liable.

The Gunashekars raised seven issues on appeal. They challenge the trial court's decision (1) to enter joint and several judgment, (2) to deny the motion to continue, (3) to find that Mr. Gunashekar converted funds, (4) to find that he had deceived Grose with respect to the $23,000 check, (5) to enter an attorney fees award, (6) to decide against setting off Mr. Gunashekar's judgment against Grose, and (7) not to consider what work had been performed or not.

The Court of Appeals concluded that denial of the motion to continue was grounds for reversal and did not address the other issues. Gunashekar v. Grose, No. 02A03-0712-CV-00614, slip op. at 2 (Ind. Ct. App. Aug. 12, 2008). It remanded for a new trial. We granted transfer. 898 N.E.2d 1233 (Ind. 2008) (table).

## I.	Motion to Continue

Under the trial rules, a trial court shall grant a continuance upon motion and "a showing of good cause established by affidavit or other evidence." Ind. Trial Rule 53.5. See Indiana Alcoholic Beverage Comm'n v. State ex rel. Harmon, 269 Ind. 48, 379 N.E.2d 140 (1978). A trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion. Elmore v. State, 657 N.E.2d 1216 (Ind. 1995). A denial of a motion for continuance is abuse of

discretion only if the movant demonstrates good cause for granting it. Harmon, 269 Ind. at 59, 379 N.E.2d at 147.

Much of our caselaw says that a *pro se* litigant is held to the same established rules of procedure that trained counsel is bound to follow. Goossens v. Goossens, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005) (citing Hess v. Hess, 679 N.E.2d 153, 155 (Ind. Ct. App. 1997)). The Gunashekars argue that the trial court should have been more lenient because they were forced to proceed *pro se*. (Response Br. at 9.) They do not cite any evidence they presented—before trial, at trial, after trial, or during proceedings on their motion to correct error, or on appeal—from which a court could determine this to be the case. The Gunashekars said nothing to the trial judge to indicate whether they were diligent in trying to engage new counsel or whether they did nothing at all during the eight weeks after attorney Martin withdrew. Likewise, during the two years since the Gunashekars hired new counsel (eight days after receiving notice of proceedings supplemental) there has still been nothing provided to indicate they tried to hire a new lawyer before trial.

If any inference can be drawn from the unexplained passage of six weeks from the time their attorney withdrew, it is that they were not *forced* to proceed without an attorney.[2]

In ruling on the request to postpone, the trial court was entitled to consider how long the trial had been scheduled, the lack of explanation for eight weeks of apparent inaction, the relative simplicity of a three-witness bench trial, and the potential that the request was a conscious gaming of the system. Taken as a whole, we cannot say the court abused its discretion.

---

[2] The Gunashekars note in passing that they "have limited abilities as non-native English speakers." (Appellants' Br. at 17.) The Gunashekars raised this issue on their motion to correct error. The trial judge who heard that motion and heard the Gunashekars during trial was in a much better position to judge their relative ability to communicate, which the transcript suggests was reasonably good. While Rudrappa sometimes indicated a lack of legal knowledge, communication in English did not appear to be a real problem.

4

## II.        Other Allegations of Error

A. Judgment Against Both Defendants.  The Gunashekars assert that Jayashree did not participate in the contract with Grose and did not own the property at the time of the repair work. Grose testified that Rudrappa declared she had an interest in the property (App. at 150) and presented evidence that Rudrappa later held title and participated in a contract to sell the property for $200,000.  (Appellant's Br. at 36–37.)  This evidence, apparently credited by the trial court as finder of fact, supported the court's conclusion that Jayashree had an interest in the real estate and that it would be unjust enrichment to allow her to retain the value conferred by Grose's repairs.  Bayh v. Sonnenburg, 573 N.E.2d 398 (Ind. 1991).  That Grose had sued Rudrappa on his contract did not bar proceeding against Jayashree under the common law of equity. [3]

B.  Did Grose Have an Interest in the Insurance Check?  Although Rudrappa testified at trial that Grose signed the insurance check over to him (Appellant's App. at 155, 159), the trial court found as fact that this was untrue.  The court found as fact that Rudrappa had signed Grose's name, deposited the check in a new bank account in his own name, and began writing checks for cash, credit card bills, and so on.  (Appellant's Br. at 35.)

On appeal, the Gunashekars argue instead that Grose had no legally recognizable interest in the check at the moment Rudrappa cashed it—when the work was just beginning.  At that moment, he says, she had only an expectancy that she would receive the funds when the repairs were done.

The very reason insurance checks so often require multiple signatures is to protect the legitimate interests of the various parties to the transaction.  This protects the owner's interest in completion of the work, the tradesman's entitlement to be paid if the work is successfully completed, and even the insurer's interest in the condition of the real estate it is insuring.  The

---

[3] On a similar note, the Gunashekars contend that the trial court did not adequately resolve various issues of conflicting facts, like how much Grose had been paid on her bill.  The court's ten pages of findings and conclusions appear to cover all the pertinent disputes.

trial court did not err in finding that Rudrappa's forgery constituted conversion. Ind. Code § 35-43-4-3(a) (2008).

C. Deception. Rudrappa Gunashekar asked Grose to undertake work on the property in addition to the fire repairs. When this work was completed to his apparent satisfaction, he gave Grose a check for $23,000, informing her that she needed to hold it until there were sufficient funds available. (App. at 203–04.) Grose confirmed with the bank immediately thereafter that sufficient funds were in the account, so she deposited the check, which did not clear. (App. at 183–84.) Gunashekar says this was not deception (as the trial court found) because that offense is not committed when "the payee or holder knows that the person has insufficient funds to ensure payment or that the check, draft, or order is postdated," citing Ind. Code § 35-43-5-5(f)(1) (2008), the statute on "check deception." This argument fails for two reasons.

The trial court did not find that Rudrappa committed "check deception" under Ind. Code § 35-34-5-5, to which the defense he mentions applies. Rather, it held that he committed the crime of deception, to which this defense does not apply. Ind. Code § 35-43-5-3 (2008) ("a person who with intent to defraud misrepresents the quality of property commits deception").

Even if this defense did apply, Rudrappa's point would be plausible only if the bank's refusal to negotiate the check had been due to insufficient funds. The evidence was that the check was instead dishonored because the Gunashekars had stopped payment on the check almost immediately after giving it to Grose. (Appellee's App. at 5.) This was evidence adequate to support the trial court's conclusion that "R. Gunashekar represented to Grose that the check was good, fully knowing that he would cancel or stop payment on the check." (Appellant's Br. at 41.) This act constituted deception under Ind. Code § 35-43-5-3.

D. Attorney Fees. The court awarded fees to Grose, based on an affidavit prepared by her lawyer. (Appellant's App. at 86.)

6

The Gunashekars argue that they "had no opportunity to challenge the fees alleged by Grose or to elicit testimony" about them. (Appellant's Br. at 25.) This was apparently not so. Grose offered the affidavit at trial without any objection or even comment by the Gunashekars. (Appellant's App. at 86–96, 189, 191–227.)

They also argue that the affidavit was insufficiently detailed. The affidavit contains detailed entries covering time, rate, and expenses over two years of litigation. While one could understand that unrepresented litigants might not know how to challenge the reasonableness of fees, the Gunashekars have been represented by counsel from the time of their motion to correct error, and they have not tendered any actual evidence that the fees awarded were inappropriate. Fee awards are assigned to the sound exercise of trial court discretion. Dunson v. Dunson, 769 N.E.2d 1120 (Ind. 2002). We cannot say that the court abused its discretion.

E. Setoff. At the time of trial, Gunashekar held an unsatisfied small claims judgment against Grose for $6,000, and he argues that the trial court should have set off that $6,000 against its findings in its litigation. The small claims dispute arose before the fire damage that led to this lawsuit, and some payments had been made on it. While such obligations may sometimes be offset against another, Teeters v. City Nat'l. Bank, 214 Ind. 498, 14 N.E.2d 1004 (Ind. 1938), in the absence of evidence about the actual amount owing or an offer to release the earlier judgment to prevent double collection, the court did not err in keeping the obligations separate.

**Conclusion**

We affirm the judgment of the trial court.

Dickson, Sullivan, and Boehm, JJ., concur.
Rucker, J., dissents with separate opinion.

**Rucker, J., dissenting.**

I respectfully dissent. Reversing the trial court's judgment the Court of Appeals majority concluded "[t]he trial court abused its discretion in denying the Gunashekars' *pro se* motion to continue after their trial attorney withdrew six weeks prior to trial." Gunashekar v. Grose, No. 02A03-0712-CV-614 (Ind. Ct. App. Aug. 12, 2008). Although it may be correct to say that the trial court did not actually abuse its discretion, I do agree that the denial of the motion to continue was grounds for reversal. Involving a claim and counterclaim, and requiring at least some comprehension of insurance proceeds, negotiable instruments, joint and several liability, real estate ownership, contract compliance, attorney fee damages, civil damages for criminal conduct, and preparation for trial, this case presented a level of complexity that few if any *pro se* litigants would have been able to navigate successfully. With a potential exposure, and indeed an ultimate adverse judgment, of nearly a half million dollars the Gunashekars needed the assistance of trained legal counsel. Fairness and equity required the trial court to afford the Gunashekars a reasonable delay to accomplish this end. I also note that in this appeal Grose makes no assertion that she would have suffered any prejudice had the trial court granted the motion to continue. I would therefore reverse the judgment of the trial court and remand this cause for further proceedings.