**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 12 2012, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RODNEY W. ROBINSON**
Pittsburgh, Pennsylvania

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RODNEY W. ROBINSON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1107-SC-351 |
| | ) | |
| ARTHUR CASHWELL & ROXIE BATTLE, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Catheron Paros, Judge Pro Tempore
Cause No. 45D07-1011-SC-791

**April 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Rodney Robinson appeals the small claims court's entry of judgment against him and in favor of Arthur Cashwell and Roxie Battle (collectively, "the Defendants") on Robinson's claim against them. We affirm.

**Issues**

Robinson raises three issues, which we reorder and restate as:

 I. whether the small claims court properly entered judgment against him;

 II. whether the small claims court properly denied his request for a continuance; and

 III. whether the Cashwell's actions constituted criminal conversion.

**Facts**

The Defendants own apartments in Gary. On December 21, 2009, Robinson leased an apartment owned by the Defendants. At that time, Cashwell thought Robinson owned a white Chevy 350 pickup truck. Robinson actually owned a box truck. Robinson moved into the apartment the next day and parked his truck in the parking lot. On December 23, 2009, Robinson took a bus to Pittsburgh, Pennsylvania. On December 24, 2009, another tenant was concerned that the truck was suspicious looking and called the police. The police searched the truck and found no contraband. Cashwell did not know the truck belonged to Robinson or any other tenant and had it towed.

On November 8, 2010, Robinson filed a claim against the Defendants alleging that they improperly had his truck towed. Robinson sought damages in the amount of $905,

which included towing fees, the $40 he paid a friend to try to get the truck back while he was out of town, transportation expenses while his truck was impounded, bus fare from Pittsburgh, the cost to have the lock on the truck fixed, and the costs of litigation. On December 8, 2010, a hearing was held on Robinson's claim, and the small claims court entered judgment against Robinson and in favor of the Defendants. Robinson filed a motion to correct error and, after a hearing at which Robinson did not appear, the small claims court denied the motion to correct error. Robinson now appeals.[1]

**Analysis**

"We review facts from a bench trial under the clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011). This deferential standard of review is particularly important in small claims actions because the trials are informal with the sole objective of dispensing speedy justice between parties according to the rules of substantive law. Id. "It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought." Eppl v. DiGiacomo, 946 N.E.2d 646, 649 (Ind. Ct. App. 2011). Because Robinson bore the burden of proof on his claim before the small claims court, he appeals from a negative judgment. See id. "We will not reverse a negative judgment unless it is contrary to law. A judgment is contrary to law when the evidence is without conflict and leads to but one conclusion, but the trial court reached a different conclusion." Id. (citation omitted).

---

[1] No transcript of the hearing exists. Robinson filed a verified statement of the evidence pursuant to Indiana Appellate Rule 31(A). The small claims court refused to certify Robinson's statement of the evidence and filed its own verified statement of the evidence pursuant to Indiana Appellate Rule 31(D).

3

As a preliminary matter, we note that the Defendants have not filed an appellee's brief. Under that circumstance, we do not undertake to develop the Defendants' arguments. See Branham, 952 N.E.2d at 746. Rather, we will reverse on Robinson's prima facie showing of reversible error. See id.

## I. Judgment against Robinson

Robinson argues that the small claims court erred in finding against him on his complaint to recover damages associated with the towing of his truck. He asserts that the small claims court improperly demanded proof of ownership when his possessory interest and ownership of the truck were uncontested. At the hearing, Cashwell asserted that the rental application showed Robinson owned a white Chevy pickup truck and that he did not know that the box truck belonged to a tenant when he had it towed. In support of this assertion, the rental application indicating such was admitted into evidence without any objection from Robinson. At the conclusion of the hearing, the small claims court asked Robinson if he had any evidence that he presented to Cashwell to prove he owned a box truck instead of a pickup truck. Robinson indicated that he had the title at home and would like a continuance to get the title. The small claims court denied this request and ruled in favor of the Defendants because they "had no reason to believe the subject vehicle belonged to Plaintiff since it was not listed on the credit application and that the Defendants acted reasonably under the circumstances." Trial Court's Verified Statement of Evidence p. 13.

At issue was whether Cashwell knew it was Robinson's truck when he had it towed, not whether Robinson actually owned the truck. As such, Robinson has not

4

persuaded us that the small claims court required him to prove ownership of the truck in order to recover.

## II.  Continuance

Robinson argues that, because the small claims court required proof of ownership at the hearing, it abused its discretion when it denied his request to let him go home and get the title to the truck.  "A trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion."  Gunashekar v. Grose, 915 N.E.2d 953, 955 (Ind. 2009).  "A denial of a motion for continuance is abuse of discretion only if the movant demonstrates good cause for granting it."  Id.

We are not convinced that the small claims court required Robinson to prove he owned the truck.  Instead, the small claims court was trying to ascertain whether Cashwell should have known that Robinson owned the box truck when Cashwell had it towed.  Even if Robinson could have produced the title to the truck, it would have been irrelevant to the resolution of this question.  Robinson has not established that the small claims court abused its discretion in denying his request for a continuance.

## III.  Criminal Conversion

Robinson argues that Cashwell's actions amounted to criminal conversion and suggests he is entitled to treble damages.  Robinson, however, did not assert this criminal conversion theory in his complaint or at trial or request treble damages.  Although Robinson's motion to correct mentions this theory of recovery, a party may not raise an issue for the first time in a motion to correct error or on appeal.  See Troxel v. Troxel,

5

737 N.E.2d 745, 752 (Ind. 2000).  Because Robinson did not properly raise this issue to the small claims court, it is waived.

## Conclusion

Robinson has not made a prima facie showing of error on his claims that the small claims court improperly required him to establish ownership of the truck, that the small claims court abused its discretion in denying his request for a continuance, or that Cashwell's actions amounted to criminal conversion.  We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.