**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 29 2014, 9:40 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SCOTT A. NORRICK**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAMON L. WALLACE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 29A05-1308-DR-421 |
| | ) | |
| AUDRA C. WALLACE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
Cause No. 29D02-1101-DR-430

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Damon L. Wallace ("Father") appeals the court's July 25, 2013 order requiring him to pay child support and an arrearage. Father raises three issues, which we consolidate and restate as:

I. Whether the trial court lacked authority to issue its April 8, 2013 order reinstating the cause of action; and

II. Whether the trial court erred in its July 25, 2013 order with respect to Father's prior request for a continuance of the provisional hearing and the court's failure to conduct a hearing for the purpose of appointing him counsel.

We find that we do not have jurisdiction over the April 8, 2013 order and affirm the July 25, 2013 order.

## FACTS AND PROCEDURAL HISTORY

On January 18, 2011, Audra C. Wallace ("Mother") filed a petition for dissolution of marriage. On September 5, 2012, the court ordered the parties to show cause on or before October 10, 2012 why the cause should not be dismissed for want of prosecution. On December 7, 2012, the court entered an order dismissing any pending actions pursuant to Ind. Trial Rule 41(E).

On April 5, 2013, Mother filed a motion to reinstate the cause of action and alleged that the parties had attempted a reconciliation, but it failed. On April 8, 2013, the court ordered that its previous entry of dismissal pursuant to Ind. Trial Rule 41(E) be set aside and reinstated the cause of action.

On May 3, 2013, the court held a preliminary hearing at which Father appeared without counsel. At the beginning of the hearing, the court referenced a previously

2

issued protective order issued by another trial court and noted that was in effect until April 23, 2015. Father stated:

> Your Honor, I was going to ask if I could have this continued. I haven't had an opportunity to gain proper counsel. There are some items in the house that I wanted to sell so that I could secure an attorney and thought the hearing today was about the protective order itself and having an opportunity to gain access to the residence so that I could gather my things.

Transcript at 4-5. The court stated: "Well, you can certainly request that. Obviously, if you can't get access to the residence, you're probably not going to get any better luck without a hearing." Id. at 5. After questioning the parties regarding the number of children they had, the court held a hearing.

When asked to describe the circumstances surrounding the protective order she had received against Father, Mother testified that Father choked her, sat on her, threw a drink on her, and that there had been previous physical abuse. Mother testified regarding her income, and the court admitted exhibits related to the parties' income. After Mother's attorney questioned Father, the court said: "Anything else you need to tell me, [Father]? Why don't you tell me about what you think about parenting time, let's start off with that." Id. at 19. Father responded that he wanted time to see the children even if it was supervised. The court then said, "[Y]ou understand this is just a temporary order until we can get back in and figure everything out, right," and Father responded affirmatively. Id.

The court then asked Father if there was anything else he needed to tell the court, and Father asked: "You were saying I had an opportunity to speak?" to which the court responded: "Yeah, Go ahead." Id. at 20. At that point, Mother's counsel stated that there

3

were certain items Father had at the residence that Mother could make available to him during a certain time period. Father then testified that he wanted two computers, a television that he was going to sell for cash, a projector, and some other items. The court asked "Anything else?" and Father responded: "No." Id. at 23. The court took the matter under advisement.

On May 6, 2013, the court entered a Preliminary Order giving Mother sole legal and primary physical custody of the parties' children. The court also ordered that during the pendency of the proceeding Father pay all utilities associated with the marital residence, $335 weekly child support retroactive to April 5, 2013, and 16% of any bonus income to Mother as additional child support. The court ordered Father to pick up certain personal property from the marital residence at a specified time and date, and stated that it would "assess the eventual allocation of fees at the Final Hearing." Appellant's Appendix at 19.

On May 31, 2013, Father filed a Motion to Correct and for Revocation of Provisional Order alleging that the support was improperly calculated. Father also alleged that "he was not awarded the opportunity to secure adequate counsel and requested additional time from the Court and a hearing was held to [his] detriment and unfairness . . . ." Id. at 21. On June 18, 2013, he filed a motion requesting that the court set a hearing on his May 31, 2013 motion. On June 25, 2013, the court scheduled a hearing for July 25, 2013.

On July 8, 2013, Mother filed a Motion for Rule to Show Cause alleging that Father failed to pay child support under the May 3, 2013 order and failed to comply with

the protective order. The motion requested that Father be ordered to appear and show cause why he should not be found in contempt and also requested attorney fees.

On July 25, 2013, the court held a hearing on Father's Motion to Correct and for Revocation of Provisional Order. Father was represented by counsel and testified that he asked for a continuance at the previous hearing and that he was not familiar with all of the things that would be taken into account by the court in calculating child support. Father testified that his weekly support should be $238 instead of $335, the prior worksheet showing his income and Mother's income was incorrect, he was paying child support for a child from a prior relationship, and the prior child support worksheet did not reflect any amount being paid by him for health insurance. On cross-examination, Father indicated that his disability income was not included in his proposed child support worksheet.

The same day, the court entered an order denying Father's motion. Specifically, the court's order states:

1. At the hearing of May 3rd, 2013, [Father] requested that the Court continue the Preliminary Hearing set that date in order for him to secure Counsel. The Court denied that request and proceeded to hearing. The Court based that decision upon the need to timely resolve child related issues and the fact that there was an active protective order and pending felony battery charges against [Father] pertaining to an event relating to [Mother].

2. The Court denies the Motion to vacate the preliminary order.

3. Indiana Rule of Trial Procedure 59(D) states in part as follows:

> Any error raised however shall be stated in specific rather than general terms and shall be accompanied by a statement of facts and grounds upon which the error is based. The error claimed is not required to be stated

5

under, or in the language of the bases for the motion allowed by this rule, by statute, or by other law.

4. Having reviewed the Motion to Correct filed by [Father] on May 31st, 2013, the Court finds that it is limited to the calculation of [Father's] income.

5. In the Order of May 3rd, 2013, the Court found [Father's] income to be $1,663.36 per week. The evidence presented at the hearing held this date establishes that [Father] has a base salary of $1,337.00 per week. In addition, [Father] receives a military disability payment of $1,591.00 per month ($367.00 per week.) [Father's] total weekly income is found to be $1,704.00 per week.

6. The Court finds that the existence of a prior child support obligation is an item that should be considered in determining [Father's] Weekly Adjusted Income. The Court finds that [Father] pays $97.00 per week for a prior born child pursuant to an order of Monroe County Circuit Court.

7. Pursuant to these findings, and the attached Child Support Obligation Worksheet, the Court finds that the appropriate child support obligation is $329.12 per week. The Court will correct the previously ordered $335.00 child support obligation to $329.00 per week.

8. The income amount utilized by the Court for [Father's] income does not include any bonus income he may receive. [Father] shall continue to be under the obligation to pay the previously ordered percentage of his bonus income to [Mother] as previously ordered.

9. In all other respects the Motion to Correct Error is Denied.

10. The Court ordered that child support be retroactive to April 3rd, 2013. From April 3rd, 2013, up to and including Friday July 19th, 2013, a total support obligation of $5,264.00 was due and owing. Of this $5,264.00, $1,645.00 was retroactive in nature, thus leaving $3,619.00 due in current support from the date of the preliminary order.

11. Since the date of the preliminary order, [Father] has paid $2,310.00. This is $1,309.00 less than the current support obligation. The Court will find [Father] in contempt for failing to pay the current support obligation as required.

6

12. As of July 19th, 2013, [Father] has a total child support arrearage of $2,954.00. The Court will address the repayment of this obligation at the final hearing, or the parties shall address it at mediation.

13. [Father] may pay his support on a bi-weekly basis.

14. The Court will find that [Father] is in contempt for failing to pay the utility bills. At the hearing this date and at the hearing in May, [Father] agreed that he was able to pay these bills. [Father] would not risk violation of the Order of Protection by paying the bills to the utility providers.

15. [Father] shall reimburse [Mother] $1,105.37 for the unpaid utility bills within 30 days. [Father] shall timely pay the utility bills as forwarded to him by [Mother].

16. In the order of May 6th, 2013, the Court allowed the parties to communicate regarding parenting time. The Court now clarifies that this communication shall be by email, and shall be strictly restricted to parenting time and other immediate issues pertaining to the children. This communication shall not be a violation of the Order of Protection.

17. [Mother's] request that [Father] be incarcerated due to his contempt is denied. However, in order to coerce [Father's] compliance, he shall be responsible for $1,375.00 of [Mother's] attorney fees. These fees shall be paid to [Mother's counsel] within 60 days or shall be reduced to judgment.

Id. at 12-14. On August 23, 2013, Father filed a notice of appeal indicating that he was appealing the July 25, 2013 order and that it was an appeal from an interlocutory order taken as of right pursuant to Ind. Appellate Rule 14(A), (C), and (D).

DISCUSSION

Before addressing Father's arguments, we note that Mother did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of

7

review, that is, we may reverse if the appellant establishes *prima facie* error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). However, questions of law are still reviewed *de novo*. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

## I.

Father first claims that the trial court lacked authority to issue its April 8, 2013 order reinstating the cause of action. With respect to this claim, we lack jurisdiction to consider Father's appeal of the April 8, 2013 order. We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), trans. denied. Pursuant to Ind. Appellate Rule 5, this Court has jurisdiction over appeals from final judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Ind. Appellate Rule 14.

The court's April 8, 2013 order reinstating the cause of action does not constitute a final judgment. See Ind. Appellate Rule 2(H).[1] Parties are permitted to appeal "as a

---

[1] Ind. Appellate Rule 2(H) provides:

A judgment is a final judgment if:

(1)      it disposes of all claims as to all parties;

(2)      the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

matter of right" the following interlocutory orders by filing a Notice of Appeal with the Clerk within thirty days after the notation of the interlocutory order in the chronological case summary:

(1)     For the payment of money;

(2)     To compel the execution of any document;

(3)     To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4)     For the sale or delivery of the possession of real property;

(5)     Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6)     Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7)     For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8)     Transferring or refusing to transfer a case under Trial Rule 75; and

(9)     Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

The court's April 8th order reinstating the cause of action does not fit into any of these categories, and Father did not file a notice of appeal within thirty days of the notation of the order in the chronological case summary. Thus, Father was not entitled to appeal the court's April 8th order.

---

(3)     it is deemed final under Trial Rule 60(C);

(4)     it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5)     it is otherwise deemed final by law.

9

Other interlocutory orders may be appealed by filing a motion requesting certification of an interlocutory order within thirty days after the date the interlocutory order is noted in the chronological case summary and "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal," Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided for by statute. Ind. Appellate Rule 14(D). There is no indication that Father sought certification from the trial court or permission from this Court to file a discretionary interlocutory appeal. Nor has Father demonstrated a statutory right to appeal. Accordingly, we do not have jurisdiction over Father's challenge to the court's April 8th order.

## II.

Father also appeals from the July 25, 2013 order and argues that the trial court abused its discretion in denying his Motion to Correct and for Revocation of Provisional Order to the extent that it challenged the denial of his request for a continuance of the May 3, 2013 hearing based on lack of counsel and failure to conduct a hearing for the purpose of appointing him counsel.[2] Under the trial rules, a trial court shall grant a continuance upon motion and "a showing of good cause established by affidavit or other evidence." Ind. Trial Rule 53.5. A trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion. Gunashekar v. Grose, 915 N.E.2d 953, 955 (Ind. 2009). A denial of a motion for continuance is abuse of discretion only if the movant demonstrates good cause for granting it. Id.

---

[2] The July 25, 2013 order involved the payment of money and is thus appealable as a matter of right under Ind. Appellate Rule 14(A).

Father argues that the record indicates a diligent effort was made to obtain counsel and "strictures in place inhibiting" him. Appellant's Brief at 10. He notes that Mother sought and gained the admission of five exhibits without any objection from him and he cross-examined her in a very limited and ineffective manner. He also alleges that the hearing ended without him being allowed the opportunity to speak to the court. Accordingly, he contends that he suffered substantial prejudice as a result of the trial court's denial of his request for a continuance. He also asserts that Ind. Code §§ 34-10-1-1 and -2 create an independent right to counsel for indigent litigants and that the trial court had a statutory duty to conduct a hearing to determine whether he had sufficient means to defend the action and, if not, then the court had a mandatory duty to appoint counsel prior to proceeding with the provisional hearing.

The record reveals that Father was represented by counsel at the July 25, 2013 hearing. Under questioning by his counsel, Father testified regarding the amount of his income, that he was paying child support for a child from a prior relationship, and that the prior child support worksheet did not reflect any amount being paid by him for health insurance. The court's July 25, 2013 order revised Father's income,[3] found that the existence of a prior child support obligation should be considered in determining his weekly adjusted income, and lowered the child support obligation to $329.12 per week from the prior obligation of $335 per week. On appeal, Father does not challenge the amount he was ordered to pay in child support or the amount of his arrearage. Under the circumstances, we cannot say that reversal is warranted. See Ind. Trial Rule 61 ("No

---

[3] We acknowledge that the court revised Father's income upward based upon Father's evidence and the inclusion of his disability income. Father does not challenge the calculation of his income in the court's July 25, 2013 order.

11

error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); see also Rendon v. Rendon, 692 N.E.2d 889, 895-896 (Ind. Ct. App. 1998) (holding that reversal was not warranted where any error in denying appellant the opportunity to contest the visitation order was corrected once a later hearing was held, appellant was given the opportunity to voice her concerns regarding the propriety and validity of the order, and her counsel contested the visitation order).

## CONCLUSION

For the foregoing reasons, we find that we do not have jurisdiction over Father's appeal of the April 8, 2013 order and affirm the court's July 25, 2013 order.

VAIDIK, C.J., and NAJAM, J., concur.