# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2018, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Sharon Lynn Thurman<br>Indianapolis, Indiana | Stephen R. Donham<br>Thrasher Buschmann & Voelkel, P.C.<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sharon Thurman and Jeremiah Thurman,[1]<br><br>*Appellant-Defendant,*<br><br>v.<br><br>Two Star Inc.,<br><br>*Appellee-Plaintiff.* | February 19, 2018<br><br>Court of Appeals Case No.<br>49A05-1703-PL-557<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>David J. Dreyer, Judge<br><br>Trial Court Cause No.<br>49D10-1612-PL-42881 |

---

[1] Although only Sharon Thurman is a party to this appeal, we include the name of Jeremiah Thurman because, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

**Kirsch, Judge.**

[1] In this interlocutory appeal, Sharon Thurman ("Thurman") appeals the trial court's grant of prejudgment possession of certain rental real estate owned by Two Star, Inc. ("Two Star"). Thurman raises the following restated issue for our review: whether the trial court erred in awarding prejudgment possession of the real estate to Two Star because, Thurman contends, she was not given proper notice of the hearing.

[2] We affirm.

## Facts and Procedural History

[3] Two Star owns the residential real estate commonly known as 6036 East 42nd Street, Indianapolis, Indiana ("the Real Estate"). The Real Estate is zoned for D-S residential use only. On November 1, 2012, Two Star, as landlord, and Shelton Hickerson ("Hickerson"), as tenant, entered into a nine-year lease ("the Lease"). *Appellee's App. Vol. II* at 38-41. Two Star leased the Real Estate specifically to Hickerson based on his rental application. *Id*. at 37. Hickerson was the only individual listed on the rental application. *Id*. Thurman, Hickerson's daughter, (f/k/a Sharon Hickerson) was not named as a tenant in the Lease, but was listed as an occupant under Section 4 of the Lease. *Id*. at 38. Section 4 of the Lease provided as follows:

> 4. USE: The property will be used only as living quarters for the
> following people:

Shelton Hickerson, Jenality Thurman & Sharon Hickerson & immediate family.

$100 additional rent will be due each month for any other persons occupying the premises for a period longer than 7 days, and written permission must be obtained in advance for additional Tenants, or you will be in default and will be charged $100 per month for each additional occupant retroactive to the day you started your tenancy. Tenant agrees that premises will not be used for a day care or babysitting business.

*Id.* In Section 15 of the Lease, Maintenance, it stated in pertinent part: "Tenant will NOT make any major alterations to the property without prior written consent of the Landlord." *Id.* at 39.

[4] On June 27, 2013, Hickerson passed away. Two Star was not informed of Hickerson's passing and, instead, did not learn of Hickerson's death until sometime in mid-2015. When Two Star visited the Real Estate, it discovered that alterations had been made to the premises, including converting the garage into a bedroom. These alterations had not been approved by Two Star. The Real Estate was being used by Thurman as an adult day care facility, and it contained multiple beds for numerous unrelated occupants. The Real Estate is not zoned for use as a multifamily dwelling, a group living facility, an assisted living facility, a daily emergency shelter, a nursing home, transitional living quarters, a club or lodge, a community center, or a day care center or nursery school, among other things. *Id.* at 53-67.

[5] On December 19, 2016, Two Star filed its complaint against Thurman for eviction, prejudgment possession, and damages and a motion for prejudgment possession seeking prejudgment possession of the Real Estate from Thurman. The complaint stated that the Lease terminated upon the death of Hickerson, who was the sole tenant, and that the Lease was in default because Thurman was using the Real Estate as a day care center, had made unauthorized major renovations to the Real Estate, and permitted unauthorized occupants to reside at the Real Estate without the payment of the additional occupant rental fee, all of which was in violation of the Lease. *Id*. at 9-11.

[6] On December 21, 2016, the trial court issued an order to appear and show cause, setting a hearing on the motion for prejudgment possession for January 10, 2017. The order also advised Thurman that she could file an affidavit on her behalf with the court, could appear and present testimony in person at the hearing, could file with the court a written request to stay the delivery of the Real Estate pursuant to statute, and if she filed a bond prior to the hearing, she could retain the possession of the property pending final judgment. *Id*. at 21-22. The order also stated that if Thurman failed to appear at the hearing, Two Star may be granted the prejudgment order of possession. *Id*. at 22.

[7] Two Star filed a motion to continue the January 10 hearing date and sent a copy of its motion to Thurman, and Thurman was personally served with the complaint and summons on December 28, 2016. On January 8, 2017, the trial court granted Two Star's motion to continue the hearing and reset the prejudgment possession hearing for January 25, 2017. The trial court's order

included a second order to appear, which contained substantially the same language as the first order to appear. The second order to appear was served upon Thurman on January 18, 2017. On January 20, 2017, Thurman filed a document, which among other things, requested a continuance of the January 25 hearing date.

[8] On January 25, 2017, Two Star and its counsel arrived for the hearing and were told that it would be continued. Although Thurman's request for a continuance had not yet been formally granted, she did not appear for the January 25 hearing. On February 7, 2017, the trial court formally granted Thurman's motion for a continuance and reset the hearing for February 22, 2017. On February 22, Two Star and its counsel appeared for the hearing, and Thurman failed to appear. The trial court allowed Two Star to proceed with presenting evidence in support of its motion for prejudgment possession. At the conclusion of the presentation of evidence, the trial court indicated that it would grant Two Star's motion, and on February 24, 2017, it issued an order for prejudgment possession ("the Prejudgment Possession Order").

[9] Following the Prejudgment Possession Order, Thurman filed several motions and other documents with the trial court. In a motion seeking to recuse the trial judge, Thurman admitted that she was aware that a continuance of the January 25 hearing had been granted. *Id*. at 70. Thurman did not relinquish possession of the Real Estate, so Two Star sought a writ of assistance, which was issued.

Thurman now appeals the trial court's interlocutory Prejudgment Possession Order.[2]

## Discussion and Decision

[10] Thurman argues that the trial court erred in granting the Prejudgment Possession Order because she did not have notice of the hearing. She contends that she was not informed of the date of the hearing and that the trial court erred in not ensuring that she had notice of the hearing on Two Star's motion for prejudgment possession. Thurman asserts that the order is void because it was entered without due process since she was not given notice or the opportunity to be heard and defend herself.[3]

[11] It is generally acknowledged that procedural due process includes notice and an opportunity to be heard. *Bruno v. Wells Fargo Bank, N.A.*, 850 N.E.2d 940, 948 (Ind. Ct. App. 2006). A party is denied due process when he is denied the opportunity to argue his case to the trial court after that court has determined it would hear argument. *Id.* This is particularly true for service of process and

[2] After filing her notice of appeal, Thurman sought a stay of the Prejudgment Possession Order and the writ of assistance, which was granted by the trial court.

[3] We note that Thurman makes reference to the judgment being void because it was entered without due process and cites to cases discussing motions for relief from judgment. *Appellant's Br.* at 9-11. However, in the present case, Thurman is not appealing from a final judgment; this is an interlocutory appeal of the trial court's grant of the Prejudgment Possession Order. Therefore, any arguments concerning final judgments are not applicable here.

other such notice of initial pleadings, but it is also true of proceedings within a lawsuit. *Id.*

[12] Two Star contends that Thurman was not denied due process because she failed to keep herself informed of the trial court proceedings as she was bound to do under the local rules of Marion County. We agree. Marion County LR49-TR58-217(C), Duties of Attorneys on Entries of Judgments, states:

> **Obligation to Keep Themselves Informed of Case Status.**
> Counsel and parties to a suit should keep themselves informed of all steps taken in all matters pending before the Court, and are bound by the Court's actions, including but not limited to rulings, notice of trial date settings, and current position of cases on jury trial calendar, all without special or additional oral or written notice by the Court.

Attorneys have a general duty to regularly check the court records and monitor the progress of pending cases. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 231 n.5 (Ind. Ct. App. 2010), *trans. denied.* Although Thurman is a pro se litigant, she is still "held to the same established rules of procedure that trained counsel is bound to follow." *Gunashekar v. Grose*, 915 N.E.2d 953, 955 (Ind. 2009).

[13] Thurman failed to comply with Marion County LR49-TR58-217(C) because she did not follow up on the status of her motion to continue that she had filed to continue the January 25, 2017 hearing and did not keep herself informed of all the steps taken in her pending case. The record shows that Thurman knew of the January 25, 2017 hearing at least one week in advance of the same as she was served on January 18, 2017 with the order setting the hearing date.

*Appellee's App. Vol. II* at 29-31. Thurman was also aware that she had filed a motion requesting that the January 25 hearing be continued. *Id.* at 32-33. Although she had filed this motion, she did not appear in court on January 25, 2017, did not file anything further with the court, and never made any effort to find out the new hearing date, which was eventually set for February 22, 2017. If Thurman had complied with the cited local rule and kept herself informed of the status of her case, in particular the January 25, 2017 hearing and her requested continuance of the same, she would have been able to discover the rescheduled February 22, 2017 hearing date. Therefore, any alleged notice issue argued by Thurman would not have occurred had Thurman followed the local rules. Local rules are binding on the courts and litigants. *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 646 (Ind. 2012). The intended function of local rules is to serve "as a means of obtaining the end of orderly and speedy justice." *Id.* Orderly and speedy justice cannot be obtained if Two Star must continue to wait to obtain possession of the Real Estate and Thurman is not required to comply with local rules.

[14] Additionally, Thurman is still held to the requirement of keeping herself apprised of the status of her case, even in the situation of any alleged absence of notice of the new hearing date by the trial court. *See* LR49-TR58-217(C) ("[P]arties . . . are bound by the Court's actions, including but not limited to . . . notice of trial date settings . . . all without special or additional oral or written notice by the Court."). Further, Thurman cannot argue that she was not aware of the local rules as a defense. Ignorance of the law is no excuse. *Bellwether*

*Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 467 (Ind. 2017). Accordingly, Thurman should have followed the local rule and kept herself apprised of the status of her case, especially in light of the fact that she had requested a continuance of the January 25 hearing date and never followed up to learn whether the continuance had been granted and to what date the hearing had been rescheduled.

[15] Additionally, Thurman was not denied an opportunity to oppose Two Star's request for prejudgment possession of the Real Estate. In both the initial order to appear and the second order to appear, Thurman was made aware that she could file an affidavit on her behalf with the trial court that opposed Two Star's motion for prejudgment possession. *Appellee's App. Vol. II* at 21-22, 27-28. She was therefore informed of other actions she could have taken, besides appearing in court, to defend against Two Star's motion for prejudgment possession. However, Thurman did not file any affidavits with the trial court. Thurman had from January 18, 2017, when she was served with the second order to appear, until February 22, 2017, to file an affidavit opposing Two Star's affidavit in support of its motion for prejudgment possession. Indiana Code section 32-30-3-2 does not require that Thurman present her evidence and testimony at the actual hearing, but instead, allows her to file affidavits in advance or in lieu of attending the hearing. Ind. Code § 32-30-3-2(b)(2). Thurman did not take advantage of this opportunity and cannot now complain that she was not given an opportunity to oppose, be heard, or defend against Two Star's motion. Based on the above reasoning, we conclude that the trial

court did not err in granting Two Star's motion for prejudgment possession of the Real Estate.

[16] Affirmed.

[17] Bailey, J., and Pyle, J., concur.